UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No. 5:13-cv-720-FL

| | | |
|---|---|---|
| DELAINE H. PELT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JOINT CONSENT** |
| | ) | **PROTECTIVE ORDER** |
| H&H AUTO SERVICE OF | ) | |
| FAYETTEVILLE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

The above-captioned action arises from the Plaintiff's former employment with Defendant and involves a wrongful discharge claim based on alleged violation of public policy, negligent infliction of emotional distress, and violations of the Americans with Disabilities Act. Plaintiff requests compensatory damages and punitive damages against the Defendant.

In the course of discovery in this action, the parties will have reason to request and exchange confidential or proprietary information and documents including, but not limited to, financial records, employee personnel records, and medical records.

Counsel for the parties have deemed it to be in the best interests of both parties to facilitate the discovery process by agreeing to maintain such information as confidential and to restrict the dissemination of such information. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Case Management Order entered by the Court on January 2, 2014, and agreement of counsel, good cause having been shown and the Court deeming it just and proper to do so, it is hereby ORDERED that:

1. This Order governs the handling and disclosure of all materials produced, given,

1

or filed herein by the parties and designated as "CONFIDENTIAL" during the discovery phase of this action. A separate order will be entered at the appropriate time regarding the use of CONFIDENTIAL INFORMATION during the trial or trials of any matter or issue herein. For purposes of this Order, CONFIDENTIAL INFORMATION includes confidential financial records and employee personnel files maintained by Defendant and medical and financial records related to Plaintiff.

2. **Definitions**.

a. "Document" means all writings, drawings, graphs, charts, recordings, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

b. "Material" means any document, any answer to any interrogatory or other discovery request in this action, any portion of any deposition (including deposition exhibits) in this action, and any other information produced, given, or filed in this action.

c. "Parties" means plaintiff Delaine H. Pelt and defendant H&H Auto Service of Fayetteville, Inc.

3. **Procedure for Designating Information as Confidential**.

a. A party or witness may designate as CONFIDENTIAL INFORMATION any material produced in the course of discovery that contains confidential information by writing, typing, or stamping on the face of such material the word "CONFIDENTIAL," or by otherwise notifying counsel for the parties in writing, and, in the case of deposition transcripts and exhibits, also the court reporter, at the time of the production of the document or within 20 days of receipt of the deposition transcript. In the event CONFIDENTIAL INFORMATION is contained in any written response to a discovery request, in any deposition transcript, or in any exhibit thereto, the confidential portion of each such response, transcript, or exhibit shall be separately bound, and

the word "CONFIDENTIAL" shall be placed thereon.

b. In the event confidential, proprietary, or sensitive information is inadvertently produced without placing the designation "CONFIDENTIAL" thereon, the party or witness may, subsequent to the production (or subsequent to the 20-day period for designating deposition transcripts), designate the material as CONFIDENTIAL INFORMATION. In such event, the material shall be treated in accordance with the terms of this Order from the time of the designation.

c. Should a party object to the designation of any material as CONFIDENTIAL, and provided that there is no agreement with respect to such designation, that party may seek an Order from the Court for a ruling that the material shall not be so treated. Until the Court enters an Order, if any, changing the designation of the material, it shall be treated as CONFIDENTIAL as provided in this Order.

4. **Disclosure and Use of Confidential Information**.

a. Provided that the requesting party and that party's counsel shall adhere strictly to the provisions of this Order with respect to all materials designated as Confidential, counsel for the requesting party may have access to, inspect and copy CONFIDENTIAL MATERIALS sought through legitimate discovery means (except as described below), and no objection shall be raised to the production of any information or documents, or the answering of any interrogatories or deposition questions, on the grounds that said information, documents, or answers are or may be considered confidential by the producing party, *unless* said information was inadvertently produced and/or such information was intended to be confidential when originally disclosed.

b. The production or disclosure of CONFIDENTIAL MATERIALS pursuant to the

3

terms of this Order by the producing party shall not waive or prejudice the right of the producing party to object to the production or admissibility of documents or information on grounds other than confidentiality in this action or in any other action.  It is specifically agreed that making the materials or documents available for inspection and the production of the materials or documents shall not constitute a waiver by the parties of any claim of confidentiality, and the production of such materials or documents shall not be considered as an acknowledgment that the materials or documents may be admissible into evidence at the trial of this action.

   c. Except upon further order of the Court, CONFIDENTIAL INFORMATION, and information derived therefrom, shall be disclosed only to counsel for the parties in this action; their paralegals and other staff members; outside companies engaged by attorneys for the parties to photocopy and/or image such documents; employees of the Defendant who provide material assistance in the legal representation of the Defendant; general counsel of Defendant; a deponent in the action (during a deposition or in preparation therefor) when the Confidential materials are materially related to the questions asked or to testimony of such deponent; any court reporter utilized for depositions in the course of this litigation and their staff, for purposes of preparing transcripts; experts consulted or assisting the parties in this action; and the Court and its regularly-employed staff.

   d. All CONFIDENTIAL INFORMATION, and information derived therefrom, shall be used solely in the prosecution or defense of this action and shall not be used or disclosed by any person for any other purpose.

   e. Any person other than counsel of record, Plaintiff, employees of counsel, general counsel of Defendant, the court, its personnel, court reporters and their staff must execute a form as is attached hereto as Exhibit A prior to the disclosure of CONFIDENTIAL INFORMATION.

4

Case 5:13-cv-00720-FL   Document 13   Filed 03/04/14   Page 4 of 8

Counsel shall keep a record of all persons to whom disclosures are made and shall retain in their possession, custody, and control all the written statements signed by those persons. All CONFIDENTIAL INFORMATION, and any documents containing information derived therefrom, including copies of such documents, shall be returned to counsel by persons given access to them as soon as practicable.

  f. The restrictions on disclosure or use of materials designated "CONFIDENTIAL" set forth in this Order shall not apply to any such information to the extent that it:

    i. Was known to the requesting party at the time of its disclosure by the producing party, and can be demonstrated as such; or

    ii. Is now, or later becomes, available to the public or the party through means other than disclosure which violates this Order.

  5. **Procedure for Filing Documents under Seal**.

  a. When a party seeks to file confidential documents, things and/or information, including confidential portions of any transcript, a party shall e-file such materials with the Court under the "Proposed Sealed" event in accordance with the provisions of Eastern District Electronic Case Filing Administrative Policies and Procedures Manual Section T.

  b. Pursuant to the requirements of *Stone v. University of Maryland Medical System Corp.,* 855 F.2d 178, 180-181 (4th Cir. 1988), each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the

5

common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the Court.

6. **Disposition of Documents**.

a. After the final disposition of this action, including the conclusion of any and all appeals, all CONFIDENTIAL INFORMATION maintained in sealed files of the Court shall be returned to counsel for the party or witness filing such CONFIDENTIAL INFORMATION.

b. After termination of this action, each receiving party shall return all documents marked "CONFIDENTIAL" to the conveying party in their possession, custody, or control, except that counsel of record may retain one copy of each item.

7. **General Terms**.

a. Each person who receives CONFIDENTIAL INFORMATION submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be, for the enforcement of this Order.

b. Nothing in this protective order shall require disclosure of material which the conveying party contends is protected from disclosure by the attorney-client privilege, or as constituting attorney work product materials.

c. This protective order shall not prevent either party from applying to the court for relief therefrom, or from applying to the court for further or additional protective orders, or from agreeing between themselves to modification of this protective order, subject to the approval of the court.

It is so ORDERED this __4th__ day of _____March_____, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

AGREED TO:

ATTORNEYS FOR THE PLAINTIFF

BY:   /s/ Michael A. Kornbluth
      MICHAEL A. KORNBLUTH
      N.C. State Bar No. 27928
      E-mail: mkornbluth@kornbluthlaw.com
      Taibi Kornbluth Law Group, P.A.
      3100 Tower Boulevard, Suite 800
      Durham, North Carolina 27707
      Telephone: 919-401-4100
      Facsimile: 919-401-4104


ATTORNEYS FOR THE DEFENDANT

BY:   /s/ George E. Eppsteiner
      KATIE WEAVER HARTZOG
      N.C. State Bar No. 32989
      E-mail: khartzog@cshlaw.com
      GEORGE E. EPPSTEINER
      N.C. State Bar No. 42812
      E-mail: geppsteiner@cshlaw.com
      Cranfill Sumner & Hartzog LLP
      Post Office Box 27808
      Raleigh, NC 27611-7808
      Telephone: 919-828-5100
      Facsimile: 919-828-2277

# EXHIBIT A

Agreement concerning material covered by a Protective Order entered in the
United States District Court for the Eastern District of North Carolina

The undersigned hereby acknowledges that she/he has read the Protective Order entered by the Court dated _____, 2014, in the civil action entitled *Delaine H. Pelt v. H&H Auto Service of Fayetteville, Inc.,* Civil Action No. 5:13-cv-720-FL, filed in the United States District Court for the Eastern District of North Carolina, understands the terms thereof, and agrees to be bound by such terms. The undersigned hereby acknowledges that she/he is subject to the jurisdiction of the United States District Court for the Eastern District of North Carolina with regard to this protective order and understands (1) that the violation of the Joint Consent Protective Order shall subject the offender to such penalties, damages and other relief as may be permitted by law, and (2) that the jurisdiction of the Court regarding this Order survives any settlement, discontinuance, dismissal, judgment, or other disposition of this action.

_____                                       _____
Date                                                                                          Signature